IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| United States of America acting on behalf of the Department of Labor,<br><br>Plaintiff,<br><br>v.<br><br>Compañía Ponceña De Transporte-Juan Luna T/C/C Compañía Ponceña De Transporte, Inc. T/C/C Compañía Ponceña De Transporte, Inc.,<br><br>Defendant. | **Civil No. 24-1488(GMM)** |

**MEMORANDUM AND ORDER**

Before the Court is Plaintiff United States of America's (the "United States") *Motion for Default Judgement* ("Default Motion") against Defendant Compañía Ponceña de Transporte-Juan Luna t/c/c Compañía Ponceña de Transporte, Inc. t/c/c Compañía Ponceña de Transporte, Incorporada ("Compañía Ponceña"). For the following reasons, the Default Motion is granted.

**I.   FACTUAL AND PROCEDURAL BACKGROUND**

The following facts, taken as true, are alleged in the Complaint. The Department of Labor is an independent U.S. agency responsible for the regulation of the employer's failure to pay overtime back wages. (Docket No. 1 at ¶ 2). Compañía Ponceña is an entity required to pay overtime back wages to its employees. (Id. at ¶ 3). After an investigation conducted by the Wage and Hour

Division of the Department of Labor, Compañía Ponceña was notified of monetary violations found resulting in due back wages for 5 of defendant's employees totaling $14,250.00. (Id. at ¶ 4); see also (Docket No. 1-1). Afterwards, on January 31, 2020, Compañía Ponceña entered in a Back Wage Compliance and Payment Agreement ("Payment Agreement) with the United States agreeing to pay said violations with interest in the amount of $14,285.63 over two payments of $7,142.81 each. (Docket No. 1 at ¶ 5); see also (Docket No. 1-2). Although Compañía Ponceña made the initial payment, it failed to make the second payment, which became due on March 18, 2020, and would thereafter be subject to additional interest, penalties, and administrative costs under the Debt Collection Improvement Act of 1966. See (Docket No. 1-1 at 11-12). The debt was sent to the U.S. Department of the Treasury for collection with a balance of $7,166, notice of which was sent to Compañía Ponceña by the Department of Labor on May 26, 2020. See (Docket Nos. 1-1 at 1; 8-2).

The United States attaches to its Complaint a copy of the notifications sent to Defendant regarding its debts and the Payment Agreement signed by Defendant. The Complaint also includes, in compliance with Local Rule 55(b), a verified statement of account, in the form of a Certificate of Indebtedness, signed by the United States' authorized representative, indicating the principal amount and interest due, plus any other amount to which the plaintiff is entitled. See (Docket No. 1-3). The Certificate of Indebtedness is

certified under penalty of perjury by Ashleigh Edmonds, a Financial Program Specialist with the U.S. Department of the Treasury and breaks down Compañía Ponceña's debt as of May 3, 2024, pursuant to 31 U.S.C. 3717(e) and 3711(g)(6), (7); 31 C.F.R. 285.12(j) and 31 C.F.R. 901.1(f); and 28 U.S.C. 527, as follows:

- Principal:             $6,915.59
- Interest (@2.00%):     $568.41
- Penalty (@6.00%):      $858.10
- Administrative Costs:  $3,023.64

(Docket No. 1-3).

The United States' Complaint seeks judgment in its favor against Compañía Ponceña in the amount of $11,365.74, for principal, interests, penalties, "and for such other proper relief as this Court may deem just." (Docket No. 1 at 2).

The deadline for Compañía Ponceña to file a responsive pleading to the Complaint expired on December 12, 2024. *See* (Docket No. 4). On February 24, 2025, the United States filed *Motion for Default Entry* citing to Defendant's failure to respond to the Complaint, which was properly served with the summons on November 21, 2024. (Docket No. 5). The Court granted the motion on March 5, 2025, and the Clerk's Office entered default against Defendant the following day. *See* (Docket Nos. 6; 7). The United States now moves for a default judgment against Compañía Ponceña in the amount of $11,365.74. *See* (Docket No. 8).

## II. LEGAL STANDARD

Under Fed. R. Civ. P. 55, a district court may enter a default judgment where a defendant has failed to plead or otherwise defend itself. A final entry of default judgment requires a two-step process. After the clerk enters a notice of default under Rule 55(a), "[s]tep two is entry of default judgment under Rule 55(b), which provides that such a judgment can be entered by the clerk, assuming certain conditions are met, and otherwise by the court." Universitas Educ., LLC v. Granderson, 98 F.4th 357, 377 (1st Cir. 2024). "A defaulted party is deemed 'to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated.'" Id. (*quoting* Franco v. Selective Ins. Co., 184 F.3d 4, 9 n.3 (1st Cir. 1999)). "Notwithstanding that concession, the district court 'may examine a plaintiff's complaint, taking all well-pleaded factual allegations as true, to determine whether it alleges a cause of action.'" Id. (*quoting* Ramos-Falcón v. Autoridad de Energía Eléctrica, 301 F.3d 1, 2 (1st Cir. 2002)).

Although the district court may hold a hearing if needed, "the district court can also order a default judgment 'without a hearing of any kind,' assuming it 'has jurisdiction over the subject matter and parties, the allegations in the complaint state a specific, cognizable claim for relief, and the defaulted party had fair notice of its opportunity to object.'" Id. (*quoting* In re

The Home Rests., Inc., 285 F.3d 111, 114 (1st Cir. 2002)). Furthermore, the Court is not required to hold an evidentiary hearing when the measure of damages claimed is capable of being ascertained from definite figures contained in documentary evidence or a detailed affidavit or affidavits. *See* KPS & Assocs., Inc. v. Designs by FMC, Inc., 318 F.3d 1, 21 (1st Cir. 2003) (*citing* Action S.A. v. Marc Rich & Co., Inc., 951 F.2d 504, 508 (2d Cir. 1991); Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc., 722 F.2d 1319, 1323 (7th Cir. 1983)).

### III. ANALYSIS

A.  Jurisdiction

The Court "has an affirmative duty to assure itself that it has jurisdiction over both the subject matter and the parties" before entering a default judgment. Shaw v. 500516 N.B. Ltd., No. CV-09-264-B-W, 2009 WL 2184953 (D. Me. July 21, 2009) (*citing* Sys. Pipe & Supply, Inc. v. M/V Viktor Kurnatovskiy, 242 F.3d 322, 324 (5th Cir. 2001)). Subject matter jurisdiction is proper under 28 U.S.C. §§ 1331, 1345. The Court also has federal question jurisdiction over this action to collect delinquent debt owed to the United States pursuant to 31 U.S.C. § 3711(g)(4)(C).

The Court also has personal jurisdiction over Compañía Ponceña, a corporation operating in Puerto Rico, see (Docket Nos. 1-1; 1-2; 1-3), which was served with process within this

jurisdiction, *see* (Docket No. 4). *See* Gonzalez-Lopez v. CIGNA Grp. Ins., 609 F.Supp.2d 161, 165 (D.P.R. 2008) ("General jurisdiction exists when the lawsuit is not directly based on the defendant's contacts with the forum, but when the defendant has engaged in systematic and continuous activities in said forum."); Fed. R. Civ. P. 4(k)(1)(A) ("Serving a summons or filing a waiver of service establishes personal jurisdiction over a defendant. . .who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located.").

B.   Liability and Damages

On a motion for a default judgment, the Court considers "all well-pleaded factual allegations as true. . .to determine whether [the complaint] alleges a cause of action." Ramos-Falcon v. Autoridad de Energia Electrica, 301 F.3d 1, 2 (1st Cir. 2002) (*citing* Quirindongo Pacheco v. Rolon Morales*,* 953 F.2d 15, 16 (1st Cir. 1992)); *see also* Franco v. Selective Ins., 184 F.3d 4, 9 n.3 (1st Cir. 1999) ("A party who defaults is taken to have conceded the truth of the factual allegations in the complaint as establishing the grounds for liability as to which damages will be calculated."). Where the complaint contains facts sufficient to state a claim upon which relief can be granted, the defendant's liability is established at the time of default. *See* Hooper-Haas v. Ziegler Holdings, LLC, 690 F.3d 34, 41 (1st Cir. 2012); Brockton

Sav. Bank v. Peat, Marwick, Mitchell & Co., 771 F.2d 5, 13 (1st Cir. 1985).

The United States alleges a single claim for relief under the Debt Collection Improvement Act of 1996 ("DCIA"), 31 U.S.C. § 3701, et seq., for unpaid back wages due under the Fair Labor Standards Act and the Payment Agreement entered between the Defendant and the Department of Labor. Consistent with its right to collect on a debt owed under the DCIA, the United States alleges a claim based on the breach of the Payment Agreement. As such, the uncontested allegations must demonstrate "(1) a valid contract between the parties; (2) an obligation or duty arising out of the contract; (3) a breach of that duty; and (4) damages caused by the breach." Pryor v. United States, 85 Fed. Cl. 97, 104 (Fed. Cl. 2008) (stating federal common law elements for breach of contract) (quoting San Carlos Irrigation and Drainage Dist. v. United States, 877 F.2d 957, 959 (Fed. Cir. 1989)).

The United States has provided the signed Payment Agreement in which Compañía Ponceña acknowledged the outstanding debt owed to the Department of Labor for overtime back wages due to certain employees. Further, the United States provided the notifications given to Compañía Ponceña of its failure to make payments under the Payment Agreement and a warning that the debt would be referred to the Department of Treasury. Finally, these allegations were

corroborated in the Certificate of Indebtedness, drafted under penalty of perjury.

Here, Compañía Ponceña failed to plead, appear, or otherwise defend against the instant action. Consequently, there is no evidence to refute the Government's allegations and/or evidence as to the amount owed based on the Certificate of Indebtedness. Thus, the Court finds the United States' evidence is sufficient to establish liability for outstanding debt to the government for breach of the Payment Agreement. As to damages owed, the United States' right to the requested amount of $11,365.74 is also well documented in its submissions, which include notifications of back wages due, the Payment Agreement, and the Certificate of Indebtedness.

### IV.   CONCLUSION

For the foregoing reasons, the United States' *Motion for Default Judgment* filed at Docket No. 8 is GRANTED. Default judgment shall be entered in the United States' favor against Compañía Ponceña for $11,365.74. Pursuant to 28 U.S.C. § 1961, the judgment amount will accrue interest from the date of this judgment until paid in full, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the entry of judgment. Interest shall be computed daily

**Civil No. 24-1488 (GMM)**
**Page -9-**

until the date of payment and compounded annually. 28 U.S.C. § 1961 (b).

IT IS SO ORDERED.

In San Juan, Puerto Rico, May 5, 2025.

                                                                     <u>s/Gina R. Méndez-Miró</u>
                                                                     GINA R. MÉNDEZ-MIRÓ
                                                                     UNITED STATES DISTRICT JUDGE